In re QUALITY GARAGE, Inc. (two cases). AMERICAN NAT. BANK v. AMERICAN TRADES & SAVINGS BANK et al. AMERICAN TRADES & SAVINGS BANK et al. v. AMERICAN NAT. BANK.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1923.)

Nos. 3143, 3146.

Chattel mortgages ☞190(2)—Invalidated by permitting sales without application of proceeds on debt.

Under the laws of Wisconsin, a chattel mortgage *held* invalidated, where, with the mortgagee's consent, sales were made of mortgaged property without applying the whole proceeds on the mortgage debt.

Appeals from the District Court of the United States for the Eastern District of Wisconsin.

In the matter of the Quality Garage, Inc., bankrupt. From a judgment affirming the report and findings of the referee, the American National Bank appeals, and the American Trades & Savings Bank and another bring a cross-appeal. Cross-appeal dismissed, and judgment affirmed.

William D. Thompson, of Racine, Wis., for appellant and cross-appellee.

Earl F. Buelow, of Racine, Wis., for appellees and cross-appellants.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The referee in bankruptcy, sitting to determine matters pertaining to the bankrupt estate of Quality Garage, Inc., a Wisconsin corporation, here called garage, found that certain mortgages from the garage to the American National Bank, here called bank, were invalidated because sales of portions of the mortgaged property were made by the garage, and, with the consent of the bank, not all of the proceeds of said sales were applied to the mortgage debt. The

whole report and findings of the referee were affirmed by the District Court.

The above finding was made the subject of appeal in No. 3143. Upon the question of fact, the record fully sustains the finding of the court and the referee, and forms a sufficient basis for the conclusion of law. We are of opinion that the question involved is fully covered, and the correctness of the judgment of the court conclusively supported, by In re Antigo Screen Door Co., 123 Fed. 249, 59 C. C. A. 248, decided by this court.

A further finding by the referee, affirmed by the court, is that the automobiles mortgaged were not "a stock of merchandise," within the meaning of section 2314 of the Wisconsin Statutes, and that therefore it was not necessary to record the mortgage in the office of the register of deeds. This is made the subject of a cross-appeal in No. 3146. In view of our above holding, this question becomes unimportant.

The cross-appeal is therefore dismissed, and the judgment is affirmed.